TRINA A. HIGGINS, United States Attorney (#7349)
CARL HOLLAN, Special Assistant United States Attorney (#15164)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:23-cr-00029 HCN |
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C) |
| vs. | |
| ADAM RICHARD JACOBS, | |
| Defendant. | Judge Howard C. Nielson |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1.    As part of this agreement with the United States, I intend to plead guilty to Count I of the Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the United States is required to prove in order to convict me.

a) The elements of Count I, Transportation of a Minor with Intent To Engage in Criminal Sexual Activity, a violation of 18 U.S.C. § 2423(a):

    i.    That I did knowingly transport a minor in interstate commerce;

    ii.   At the time of the transportation, the minor was younger than 18 years old;

   iii. At the time of the transportation, I intended that the minor would engage in unlawful sexual activity.

  2. I know that the maximum possible penalty provided by law for Count I of the Indictment, a violation of 18 U.S.C. § 2423(a), Transportation of a Minor with Intent To Engage in Criminal Sexual Activity, is a term of imprisonment of life, a mandatory minimum sentence of 10 years, a fine of $250,000, a term of supervised release of not less than five years and up to life, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

  a. Additionally, I know the Court is required to impose the following assessments:

   1. Under the Justice for Victims of Trafficking Act of 2015 ("JVTA") and pursuant to 18 U.S.C. § 3014, the court must impose an assessment in the amount of $5,000 on any non-indigent person convicted of an offense relating to the sexual exploitation of children.  I understand that imposition of this assessment is guided by factors listed in 18 U.S.C. § 3553(a) and § 3572. I understand the court may consider my future ability to pay when imposing this assessment;

   2. The amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

  b. Furthermore, restitution to the victims of my offense shall be ordered pursuant to 18 U.S.C. §§ 2259 and 3663A.

  c. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

  3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence.  I have discussed these procedures with my attorney.  I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as

explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4.    I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.    I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6.    I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

    a.  I have a right to the assistance of counsel at every stage of the proceeding.

    b.  I have a right to see and observe the witnesses who testify against me.

    c.  My attorney can cross-examine all witnesses who testify against me.

    d.  I have the right to testify and present evidence, to call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

    e.  I cannot be forced to incriminate myself, and I do not have to testify at any trial.

    f.  If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

    g.  The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

    h.  It requires a unanimous verdict of a jury to convict me.

    i.  If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7.    If I plead guilty, I will not have a trial of any kind.

8.      I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9.      I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10.     I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.     I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

> Beginning on a date unknown and continuing until on or about March 22, 2023, in the District of Utah, I knowingly transported the victim, a minor, from Utah to other states including Florida and Texas as his gymnastics coach. At the time I transported the minor, I intended to place a hidden camera in his hotel room and bathroom to produce child pornography of the minor. The production of child pornography is unlawful sexual activity for which I could be criminally charged under the laws of Utah, Florida, Texas, and the United States. I admit that this was unlawful, and my actions were done in violation of 18 U.S.C. § 2423(a). I further admit that all electronic devices seized pursuant to a search warrant served on or about March 22, 2023, and referenced in the forfeiture paragraph below were used or intended to be used to commit or to promote my offense.

12.     The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

a. **Guilty Plea.** I will plead guilty to Count I of the Indictment.

b. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be 120 months' imprisonment (10 years) and life supervision, which I agree is a reasonable sentence.

(1)     I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. I further understand that the Court will likely order the

preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

(2)    If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of 120 months' imprisonment and life supervision will be imposed, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than 120 months' imprisonment and life supervision, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

(3)    The parties have agreed the sentence issued in this case is a sentence which meets the interests of justice solely for the United States and the victim identified in this federal case. The agreed-upon sentence issued in *USA v. Jacobs*, 1:23-cr-00029, has not addressed the interests of justice for the victims in the case of *Utah v. Jacobs*, case number 241700562. The Court should determine what sentence is appropriate in *USA v. Jacobs*, 1:23-cr-00029 separate from any sentence which has been issued or which may be issued in *Utah v. Jacobs*, case number 241700562, understanding that the parties have negotiated and agreed that the sentences in these two cases should be addressed separately. The sentence issued in *Utah v. Jacobs*, case number 241700562, will address the interests of justice for the State of Utah or the victims in that State case.

c. **Dismissal of Counts.**  United States agrees to move for leave to dismiss Counts II and III at the time of sentencing.

d. **Relevant Conduct.**  I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both.  I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

e. **Appeal Waiver.**

(1)    Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I

may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute to which I am pleading guilty is unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute.

(2)     I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3)     I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4)     I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

(5)     Additionally, I waive all rights to appeal any issues regarding my right to presence and the validity of my remote appearance for this and any other hearings held in this matter.

f. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

g. **Restitution.**

(1)     I agree that I am subject to mandatory restitution because my case falls within the provisions of 18 U.S.C. § 2429 and 3663A(a)(1) and (c)(1) based on the charge to which I am pleading guilty. My attorney has explained what mandatory restitution means.

6

(2)    I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(3)    I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

h.  **Forfeiture.**

(1)    I agree to the administrative, civil, or criminal forfeiture to the United States of any property noted as subject to forfeiture in the indictment, information, bills of particulars, or seized or restrained in the investigation underlying the indictment or information, and will not contest, challenge, or appeal in any way such forfeiture, including the forfeiture of:

    a.  All electronic devices seized pursuant to a search warrant served on or about March 22, 2023 including:

        i.  One (1) Apple cellular telephone, model 14 Pro Max, S/N #M1YF6GH4HM, purple in color.

        ii.  One (1) Apple cellular telephone, model 13 Pro Max, S/N #Y35V7RG4MN, gray in color.

        iii.  One (1) Apple iPad tablet, S/N #RV0Q5C6673, gray in color with white case.

        iv.  One (1) Apple MacBook A1989 laptop, S/N #C02YV0RTLVDD.

        v.  One (1) Apple MacBook Pro laptop, S/N #C17RG10CFVHS, with charger.

        vi.  One (1) Seagate External 1TB HDD, S/N #NA53246P.

        vii.  One (1) Sandisk 512GB Micro SD card, S/N #2511DJ0KL090 bagged together with a black colored hidden surveillance camera/charging block.

        viii.  One (1) Unknown make/model black colored hidden surveillance camera/charging block bagged together with Sandisk 512MB Micro SD card.

ix.  One (1) PNY 16GB SD card. Unreadable S/N
x.  One (1) Apple Watch, Series 8, 45mm, with black Nike band. No S/N found.
xi.  One (1) White quick charger USB device. No S/N found.
xii.  One (1) Unknown make/model black colored hidden surveillance camera/charging block.
xiii.  One (1) Black box/packaging for unknown make/model surveillance camera/charging block. "Protecting Your Line All The Time" printed on the box.
xiv.  One (1) Black box containing lens covers
xv.  One (1) Sandisk 128GB Micro SD card.
xvi.  Two (2) CD-ROM disks.
xvii.  One (1) Unknown make/model black colored hidden surveillance camera/charging block.

(2)    I acknowledge that this property is subject to forfeiture under 18 U.S.C. § 2428.

(3)    I consent to entry of any orders, judgments, or declarations of forfeiture regarding such property and waive the requirements (including notice of the forfeiture) of 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. I consent to any criminal forfeiture order becoming final as to me upon its entry.

(4)    I will not claim the property or oppose its forfeiture, nor help anyone else do so, and will testify truthfully in any forfeiture proceeding. As far as I know, no other third party has an interest in the property. I withdraw any previous administrative forfeiture claims and petitions for remission related to the property. I will not claim property sought for forfeiture from other defendants related to my case. I will sign any documents necessary to ensure that clear title to the property passes to the United States.

(5)    I waive any claims I may have against the government, its officers, employees, and agents regarding the seizure, forfeiture, storage, and disposal of the property.

(6)    I waive any constitutional or statutory challenges to the forfeiture, including that it is an excessive fine or punishment.

13.    **NOTICE: Sex Offender Registration**.  I acknowledge that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the

8

registration current in each of the following jurisdictions: the location of my residence, the location of my employment; and, if I am a student, the location of my school. Registration will require that I provide information that includes name, residence address, and the names and addresses of any places at which I am or will be an employee or a student. I understand that I must update my registrations not later than three business days after any change of name, residence, employment, or student status. I understand that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

14.    I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

15.    I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

I make the following representations to the Court:

1.    I am **34** years of age. My education consists of **High School**
I **CAN** [can/cannot] read and understand English.

2.    This Statement in Advance contains all terms of the agreement between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreement that are not disclosed to the Court.

3.    No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4.    Neither my attorney nor the government has promised me that I would receive probation or any other form of leniency because of my plea.

5.    I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6.    I am satisfied with my lawyer.

7.    My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and

9

circumstances of the case and the consequences of the plea.  I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8.    I have no mental reservations concerning the plea.

9.    I understand and agree to all of the above.  I know that I am free to change or delete anything contained in this statement.  I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this __5__ day of __FEBRUARY__, __2025__

_____
ADAM RICHARD JACOBS
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement.  I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this __5__ day of __FEBRUARY__, __2025__

_____
ANDREW DEESING
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this __5__ day of __FEBRUARY__, __2025__

TRINA A. HIGGINS
United States Attorney

_____
CARL HOLLAN
Special Assistant United States Attorney

10